(R.D. 11241)

TAKARA COMPANY (NEW YORK) INC. CARMICHAEL INTERNATIONAL SERVICE } v. UNITED STATES

Entry No. 216915, etc.

(Decided November 29, 1966)

*Norman J. Bergman* for the plaintiffs.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: These appeals for reappraisement are before me on the following stipulation of counsel for the respective parties:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs, mechanical hair dressing beauty chairs and parts for all of the foregoing.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act.

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 5, 560, 601c, 700 and 818, and horse shaped child's chair number 7 were freely sold or offered for sale in the principal markets of Japan, in the usual whole-

sale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

| Chair No. 5 | $114.00 each C & F, packed |
| " No. 560 | $162.00 " " " |
| " No. 601c | $112.00 " " " |
| " No. 700 | $125.00 " " " |
| " No. 818 | $151.00 " " " |
| " No. 7 | $ 72.00 " " " |

4. That the ocean freight included in said C & F prices is as follows:

| Model No. | Included ocean freight |
|---|---|
| 5 | $10.52 |
| 560 | 19.12 |
| 601c | 11.82 |
| 700 | 11.03 |
| 818 | 11.82 |
| 7 | 8.95 |

5. That as to all chairs other than those listed in Par. 3, and as to parts for all of the chairs including those listed in Par. 3, at the time of exportation to the United States of the merchandise under consideration, said merchandise was not freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the U.S.; and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

6. That the constructed values of the chairs which are not listed under Par. 3, and parts for all of the chairs including those listed in Par. 3, are the C.I.F. invoice unit prices less ocean freight and insurance, plus 4%, packed.

7. That the appeals to reappraisement enumerated on Schedule "A" hereto attached and made a part hereof may be submitted on this stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

On the agreed facts, I find and hold:

(1) That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of barber chairs numbers 5, 560, 601c, 700, and 818 and horse shaped child's chair number 7, and that said values are:

| Chair No. 5 | $114.00 each less ocean freight of $10.52 |
| " No. 560 | $162.00 " " " " " $19.12 |
| " No. 601c | $112.00 " " " " " $11.82 |
| " No. 700 | $125.00 " " " " " $11.03 |
| " No. 818 | $151.00 " " " " " $11.82 |
| " No. 7 | $ 72.00 " " " " " $ 8.95 |

(2) That constructed value, as that value is defined in section 402(d) of said tariff act, as amended, is the proper basis for the

determination of the value of all chairs other than those listed above and parts for all of the chairs including those listed above and that said values are the respective c.i.f. invoice unit prices, less ocean freight and insurance, plus 4 percent, packed.

As to all other merchandise, the appeals are dismissed. Judgment will be rendered accordingly.